| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: July 19, 2021 12:43 PM<br>FILING ID: 71A98B7E1831C<br>CASE NUMBER: 2021CV32257 |
| Plaintiff(s): LOUIS BELL<br><br>v.<br><br>Defendant(s): WALMART INC. | σCOURT USE ONLYσ<br><br>Case Number:|
| *Attorneys for Plaintiff*<br><br>**FLESCH & BECK LAW**<br>Kevin Flesch, #27278<br>333 W. Hampden Avenue, Suite 710<br>Englewood, CO 80110-2335<br>Phone: (303) 806-8886<br>Fax: (303) 806-8882<br>Email: kevinflesch@fleschlawfirm.com | Division: |
| **COMPLAINT AND JURY DEMAND** | |

**COMES NOW** the Plaintiff, Louis Bell (hereafter "Plaintiff") by and through his undersigned counsel, Kevin Flesch of Flesch & Beck Law, for his complaint against Walmart Inc. (hereafter "Defendant"), and in support states and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Colorado Premises Liability Act and the Defendant's negligent conduct.

### JURISDICTION AND VENUE

2. Plaintiff hereby incorporates by reference all allegations contained in paragraph 1 above as though fully set forth herein.

3. At all times, relevant hereto, Plaintiff was a resident of Colorado.

4. Upon information and belief, the Defendant is a foreign corporation principally located in Bentonville, AR and conducting business and operating retail stores within the State of Colorado.

1

5. This court has jurisdiction over this action as pursuant to C.R.S. § 13-1-124.

6. Venue is proper under C.R.C.P. 98(c) because the venue where the service can be had on the Defendant is in Arapahoe County, State of Colorado.

## GENERAL ALLEGATIONS

7. Plaintiff hereby incorporates by reference all allegations contained in paragraph 1-6 above as though fully set forth herein.

8. On October 21, 2020, Mr. Bell and his daughter, Bridget entered the Wal-Mart Superstore located at 1510 W Main St., Sterling, CO 80751 to purchase some worms, hooks, and weighs for fishing.

9. As Mr. Bell entered the sporting good area to purchase worms, hooks, and weighs, he turned onto the aisle and his feet suddenly her feet came out from underneath him, violently throwing him forward onto the cement tiled floor, with Mr. Bell ultimately landing on his left knee and left elbow.

10. After a few moments when Mr. Bell was finally able to gain his composure, he noticed that he had fallen on a clear liquid, that appeared to be water on the floor.

11. As Mr. Bell laid on the cement tile floor, a male manager finally presented and called for help for other employees. A store manager and employees had to lift Mr. Bell off the floor and onto his feet, as Mr. Bell could not stand on his own.

12. The store manager advised Mr. Bell that the robot that they use to clean the floors may have left water behind on the floor.

13. Upon information and belief, no measures were taken to clean up, remove, or otherwise mitigate the water on the flooring at the store.

14. Upon information and belief, no warning signs or other caution signs were present at the location of the fall.

15. The Defendant felt immediate pain because of the incident and sustained serious injuries.

16. Plaintiff's injuries were the direct and proximate result of the negligence and carelessness of the Defendant and its agents/employees.

17. At all times relevant to Plaintiff's claim, Defendant was in possession of the property, was legally responsible for the activities conducted or circumstances existing on said property and was therefore a "landowner" as defined in C.R.S. § 13-21-115(1).

18. Plaintiff was at the property for business and was therefore an "invitee".

19. Plaintiff has incurred substantial medical costs for treatment due to the incident. The Plaintiff continues to suffer serious and ongoing pain from the incident.

20. Plaintiff anticipates needing additional medical care in the future resulting from the fall.

## FIRST CLAIM FOR RELIEF
(Negligence Pursuant to Premises Liability)

21. Plaintiff incorporates herein all allegations contained in paragraphs 1-20 by reference.

22. Defendant as the landowner and maintainer of the property was legally responsible for the activities conducted or circumstances existing on the property.

23. Defendant had a legal duty to Plaintiff to be aware of the conditions and circumstances that existed on the property and to ensure that the property was safe for patrons.

24. Defendant acted carelessly and negligently by not maintaining and managing the property, to include the proper mitigation of wet and icy concrete surfaces, the proper placement of ice melt or sand, and for failing to warn of dangerous condition that existed on the property.

25. Defendant knew or should have known of the dangerous wet, icy, and unsafe surfaces at the property and that injury would result if left unmaintained.

26. Defendant failed to use reasonable care to protect against the danger on the property.

27. Defendant's negligence was the direct and proximate cause of Plaintiff's injuries.

28. Plaintiff has sustained continuing physical and emotional injuries and substantial medical costs related to his injuries resulting from the Defendant's actions or inaction.

29. As a direct and proximate result of the negligent and tortuous conduct of the Defendant, Plaintiff suffered injuries and damages, from the accident, as follows:

    a. Cost for medical treatment, past and future.

    b. Mental anguish and duress during and after the accident.

    c. Physical pain and suffering during and after the accident.

    d. Loss of enjoyment of life.

    e. Attorney fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays the Court as follows:

A. That this Court enter a judgment against the Defendant concerning all claims for relief contained herein, and for the Plaintiff in an amount to be determined at trial.

B. Damages caused by the accident to include, but not limited to: past and future medical costs for treatment, mental anguish and duress during and after the accident, physical pain and suffering during and after the accident and loss of enjoyment of life.

C. That Plaintiff be awarded costs, expert witness fees, reasonable attorney's fees, pre- and post-judgment interest, and other appropriate and necessary costs of maintaining this action.

D. Any further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED IN THE PLEADINGS**

Respectfully submitted this 19th day of July 2021.

**FLESCH & BECK LAW**

*This document was e-filed pursuant to C.R.C.P. 121. A duly executed original of this document is on file at Flesch & Beck Law and is available upon request.*

S/ Kevin Flesch

_____

Kevin Flesch, #27278
Attorney for Plaintiff


Plaintiff's Address:

4210 N Fraser Way
Denver, CO 80239